IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BELL, MICHELLE KIDD, DOLLY JANIS, and GOYCE H. GATES, individually and on behalf of themselves and all others similarly situated; SOUTHWEST ORGANIZING PROJECT, and PALENQUE LSNA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MARIA PAPPAS, in her capacity as Treasurer of Cook County, Illinois, and Trustee of the Indemnity Fund, KAREN YARBROUGH, in her capacity as Cook County Clerk, and COOK COUNTY, ILLINOIS, <br><br> Defendants. | Case No. 22 C 7061 <br><br> Judge Matthew F. Kennelly |

**DEFENDANT KAREN YARBROUGH'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Now comes Defendant, Karen Yarbrough, in her official capacity as Clerk of Cook County, by her counsel, Kimberly M. Foxx, State's Attorney of Cook County, and through her assistant, Megan Honingford, pursuant to Fed. R. Civ. P. 12(b)(6), and submits this Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC")[1]. In support thereof, Defendant states as follows:

**INTRODUCTION**

Plaintiffs bring this claim before the court challenging the lawfulness of 35 ILCS 200/21, a portion of the Illinois Property Tax Code, as applied in Cook County. Counts I, II, and III of Plaintiffs' SAC assert claims under the United States Constitution and challenge the

---

[1] Defendant joins in co-defendant Pappas and Cook County's partial motion to dismiss Plaintiffs' SAC and asserts the arguments set forth therein in the alternative to the arguments set forth in this motion.

1

constitutionality of 35 ILCS 200/21, *et seq*. (ECF No. 53.) Counts IV and V of Plaintiffs' SAC complaint allege that the application of 35 ILCS 200/21 in Cook County leads to a disparate impact on racial minority groups in violation of the federal Fair Housing Act, 42 U.S.C. § 3604 ("FHA"), and the Illinois Civil Rights Act ("ICRA"), 740 ILCS 23/5, and amounts to intentional discrimination under the disparate treatment theory. (ECF No. 53.)

Defendant Karen Yarbrough, the Clerk of Cook County ("the Clerk") is a newly added defendant, named for the first time in Plaintiffs' SAC. Plaintiffs allege that the Clerk is the official responsible for issuing a tax deed when a tax buyer successfully petitions the court for a deed. *See* ECF 53, ¶ 32, 80, 88.

All counts in the SAC are directed at all Defendants. Plaintiffs' SAC should be dismissed against the Clerk because Plaintiffs have not alleged any facts connecting the Clerk's actions with any of the alleged violations or injuries.

## **BACKGROUND**

As Plaintiffs allege, 35 ILCS 200/21, *et seq*. is a portion of the Illinois Property Tax Code that establishes the sale of tax debt incurred on delinquent properties. The Treasurer[2] creates an annual record of all delinquent properties. 35 ILCS 200/21-160. The Code requires the Treasurer to offer for sale the value of the delinquent taxes on properties identified as delinquent. 35 ILCS 21-190 ("If judgment is rendered against any property for any tax … the county collector shall, after publishing a notice for sale …, proceed to offer the property for sale pursuant to the judgment."); 35 ILCS 21-205. This process is the annual tax sale. The sale itself works like a reverse auction: for each delinquent property, the prospective buyers bid downward on the interest

---

[2] The Treasurer also acts in an *ex officio* capacity as the Cook County Collector. The tax sale provisions of the Code generally refer to the Treasurer in her capacity as the Collector.

they will collect on the tax debt if the property is redeemed, and the lowest bid wins. 35 ILCS 200/21-215.

Following the tax sale, the Illinois Constitution and the Code govern the process of the tax buyer obtaining a title to the property through a tax deed. For most residential property, the Code gives the owner and other interested parties two years and six months to redeem the property by paying the tax buyer (through the County Clerk) the total amount of the tax debt, plus interest and fees. 35 ILCS 200/21-350(b); 35 ILCS 200/21-355(a).

If the owner or other interested party does not timely redeem and the tax buyer has strictly complied with the Code's provisions, the buyer will be entitled to a tax deed conveying merchantable title to the property. 35 ILCS 200/22-40(a); 35 ILCS 200/22-45. To obtain the tax deed, the buyer must petition in the state court, and, upon showing that the notice requirements and other procedural provisions have been met, the court "shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." 35 ILCS 200/22-40(a); *See* 35 ILCS 200/22-5; 35 ILCS 200/22-10; 35 ILCS 200/22-15; 35 ILCS 200/22-25; 35 ILCS 200/22-40(a).

If a tax deed is issued to a tax buyer, the former owner has ten years to petition in the county circuit court to receive compensation equal to the market value of property at the time of the tax deed's issuance, minus the principal amount of the tax debt and any mortgages or liens on the property, from the county's indemnity fund. 35 ILCS 200/21-305.

## **LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a pleading by accepting all the complaint's factual allegations as true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 674–75 (7th Cir. 2001). When considering a Rule 12(b)(6) motion to dismiss, courts

3

construe the allegations in a plaintiff's complaint "in the light most favorable to [the plaintiff], accepting all well-pleaded facts as true, and drawing all reasonable inferences in favor of [the plaintiff]." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (*citing Citadel Group Ltd. v. Washington Regional Medical Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012)).

Dismissal is proper if the complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## **ARGUMENT**

### I. **Plaintiffs have failed to identify any action of the Clerk that has proximately or directly caused their alleged Constitutional injuries.**

Plaintiffs' SAC names the Clerk as a defendant in her official capacity. Plaintiffs' factual allegations concerning the Clerk are limited solely to her actions certifying a tax buyer's purchase and issuing a tax deed when ordered by the court to do so. ECF No. 53, ¶ 32, 48, 57, 58, 80, 84, 88. However, Plaintiffs' do not allege that a constitutional violation occurs occur when a tax deed is issued or when a tax buyer's purchase is confirmed. Rather, Plaintiffs allege the violation occurs at the point they are allegedly denied adequate compensation.

Section 1983 creates a cause of action against any person who, under color of state law, "*subjects, or causes to be subjected*, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). In an official capacity claim, "[a] governmental entity is liable under § 1983 only when the entity itself is 'moving force' behind the deprivation." *Ky. v. Graham*, 473 U.S. 159,

4

166 (1985), *citing Polk County v. Dodson*, 454 U.S. 312, 326 (1981), *quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff asserting a Constitutional tort, like any other plaintiff, must establish that the defendant caused the claimed injury. *Beard v. O'Neal*, 728 F.2d 894, 898 (7th Cir. 1984). Plaintiffs fail to allege any facts to establish that the Clerk caused the constitutional deprivation they claim, and their constitutional claims against the Clerk are therefore not sufficiently pled. Moreover, Plaintiffs' request for injunctive relief is misdirected to the extent they seek an injunction against the Clerk; the Clerk would be placed in the untenable position of refusing to issue tax deeds in defiance of state court orders and state law.

While Plaintiffs make reference to the Clerk's role in issuing tax deeds, Plaintiffs make no allegations connecting the Clerk's actions with any of the injuries they allege they have suffered. Plaintiffs attribute their alleged injuries to the failure to adequately compensate them via the indemnity fund, not to the tax sale itself and not to the Clerk's issuance of a tax deed. *See* ECF No. 53, ¶ 103. As to Count I, they state: "Defendants' uniform policies and practices of failing to adequately and promptly compensate Plaintiffs for the equity in properties which Defendants have confiscated or caused homeowners to cease to own is an actionable taking of private property for public use without just compensation[.]" ECF No. 53, ¶ 136-137. Nowhere do Plaintiffs allege that the issuance of the tax deed is the basis of their injuries. The Clerk is not alleged to have any, and indeed does not have any, involvement in determining whether a property owner receives compensation from the indemnity fund.

Similarly, Count II, which purports to allege a violation of due process, is based on the failure to adequately indemnify Plaintiffs. Plaintiffs allege "Defendants have created, implemented, and administered procedures for administering the program for indemnifying homeowners' losses in a way that fails to provide Plaintiffs and Class members with a fair, timely,

and adequate means of securing compensation for taking the entire value of a property over and above any liability for taxes, interest and fees." ECF No. 53, ¶ 146. Again, the Clerk is not involved with creating, implementing, or administering the indemnity fund.

Finally, Count III, which purports to allege a violation of the Eighth Amendment prohibition on excessive fines, is based on "Defendants' unconstitutional failure to compensate Plaintiffs and the members of Class A as alleged[.]" ECF No. 53, ¶ 153. The Clerk is not responsible for or involved in compensating property owners when a tax deed is issued on their property. Plaintiffs have not alleged any causal connection between the Clerk's actions and the Constitutional violations they claim to have suffered, and Counts I-III of the SAC should therefore be dismissed against the Clerk.

## II. Plaintiffs do not allege any facts to plausibly state a disparate impact created by the practices or policies of the Clerk.

The Clerk is perhaps even further removed from any injuries alleged in connection with Plaintiffs' FHA and ICRA claims, Counts IV and V. Plaintiffs assert both counts first under a disparate impact theory. To state a *prima facie* disparate impact claim, Plaintiffs must allege three elements: (1) a statistical disparity; (2) that the defendant maintained a specific policy; and (3) that the specific policy caused the disparity. *Cty. of Cook v. Wells Fargo & Co.*, 314 F.Supp 3d 975, 990 (N.D. Ill. 2018), *relying on Inclusive Cmtys*. 576 U.S. 519 (2015); *City of Joliet v. New W., L.P.*, 825 F.3d 827, 830 (7th Cir. 2016). Plaintiffs fail to sufficiently allege any of these elements.

All of Plaintiffs' facts alleged to show a disparity involve the demographics of homes included in the tax sale, not homes on which a tax deed was issued. To establish a disparity involving the Clerk's actions, Plaintiffs would have to offer facts concerning the owners of properties on which a tax deed is issued as compared to all owners of delinquent properties or all owners of homes in the tax sale. No facts of this kind are alleged, and there are no allegations that

a disparity is created at the point where the Clerk becomes involved in the process – the tax deed issuance. Plaintiffs have not adequately alleged any plausible disparity at all (see Defendants' Partial Motion to Dismiss Second Amended Complaint) and have certainly not alleged that a disparity exists somehow among properties on which a tax deed was ordered by the court and properties for which the Clerk issued a tax deed.

Similarly, Plaintiffs do not identify a specific policy of the Clerk's that could cause a disparity. The specific policy must create "'artificial, arbitrary, and unnecessary' barriers to equality." *Cook County v. Bank of Am. Corp.*, 584 F. Supp. 3d 562, 566 (7th Cir. 2022); *citing Inclusive Cmtys.* At 540. The only "policy" they identify at all is certifying tax buyer purchases and issuing tax deeds, ministerial functions that involve no discretion. The Clerk's practice of issuing tax deeds is not arbitrary; the Clerk is ordered to do so by the Circuit Court of Cook County, which issues such orders in compliance with state law. 35 ILCS 200/22-40(a).

Finally, Plaintiffs offer no allegations demonstrating how the Clerk's "policy" of issuing tax deeds causes an alleged disparate impact. "If a statistical discrepancy is caused by factors other than the defendant's policy, then plaintiff cannot establish a *prima facie* case, and there is no liability." *Id.* at 527. "Thus, 'a plaintiff who fails to allege facts at the pleading stage[…] demonstrating a causal connection' between the identified disparity and the complained of policy 'cannot make out a *prima facie* case of disparate impact.'" *Wells Fargo* at 991, citing *Inclusive Cmtys.* at 542. Plaintiffs' SAC attempts to identify an alleged disparity among properties included in the tax sale. If their allegations were taken as true, this would establish a disparity created well before any action taken by the Clerk. Therefore, there can be no causal connection between the Clerk's actions and the alleged disparity.

### III. Plaintiffs do not make any allegations establishing possible disparate treatment by the Clerk.

"To survive a 12(b)(6) motion, a complaint alleging disparate treatment 'need only aver that the employer instituted a (specified) adverse [housing] action against the plaintiff on the basis of' a specified protected class." *Anderson v. Twin Rest. Oakbrook, LLC*, 2021 U.S. Dist LEXIS 132302, *21 (N.D. Ill. 2021); *quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

Plaintiffs do not allege that the Clerk took any action against them because of their status in a protected class. Plaintiffs base their disparate treatment claims entirely on Defendants' alleged knowledge that the tax sale has a disparate impact. (ECF No. 53 ¶157, 166.) As Defendants Pappas and the County argue in their motion to dismiss Counts IV and V, in order to succeed under a disparate treatment theory based on Defendants' knowledge of a disparate impact, Plaintiffs must also show that Defendants actually chose to take an action "at least in part *because of…its adverse effects upon an identifiable group*." *Bank of America*, 584 F. Supp. 3d 562 at 572 (emphasis in original); *quoting Alston v. City of Madison*, 853 F.3d 901, 907 (2017); *Chi. Teachers Union v. Bd. of Educ. of Chi.*, 14 F.4th 650, 658 (7th Cir. 2021). Plaintiffs make no such allegations.

Again, Plaintiffs have not alleged any actions by the Clerk that plausibly cause the alleged disparity. Even if they had, they have not alleged any facts to suggest that the Clerk chose to take those actions because the actions might create an adverse effect on Black or Latino property owners. In fact, the Clerk did not choose to take the alleged actions at all. The alleged actions are ordered by the courts in accordance with state law. The disparate treatment claims against the Clerk are baseless and should be dismissed.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice as to Defendant Karen Yarbrough and award any further

relief that this Court deems just and proper.

                                                Respectfully submitted,

                                                KIMBERLY FOXX
                                                State's Attorney of Cook County

By:    /s/ *Megan Honingford*
        Megan Honingford
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3630
        megan.honingford@cookcountysao.org

        Kaitlin McKenzie
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3115
        kaitlin.mckenzie@cookcountysao.org

        Kathleen Murphy
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-1064
        kathleen.murphy@cookcountysao.org

        Anthony O'Brien
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-7949
        anthony.obrien@cookcountysao.org

        Prathima Yeddanapudi
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5463
        prathima.yeddanapudi@cookcountysao.org