UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE KIDD and GOYCE H. RATES, individually and on behalf of all others similarly situated; SOUTHWEST ORGANIZING PROJECT and PALENQUE LSNA, individually, | ) ) ) ) ) ) | Case No. 1:22-cv-7061 |
| Plaintiffs, | ) ) | Hon. Matthew F. Kennelly |
| v. | ) ) | |
| MARIA PAPPAS, in her capacity as Treasurer of Cook County, Illinois, and Trustee of the Indemnity Fund, and COOK COUNTY, ILLINOIS, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' STATUS REPORT
IN RESPONSE TO ORDER ENTERED APRIL 15, 2025**

Plaintiffs submit this status report in response to the Court's minute order of April 15, 2025, Dkt. 158.

1. The briefing schedule and page limits governing Plaintiffs' motion for class certification, the parties' cross-motions for summary judgment, and Defendants' *Daubert* motion to exclude the opinions of Dr. Hamm were agreed to by the parties and entered by the Court after Plaintiffs had tendered Dr. Hamm's opinions as support for class certification. Dkt. 136. Plaintiffs filed their motion with Dr. Hamm's opinion on Friday, January 24, 2025. Dkt. 130. Defendants that day filed their motion for summary judgment. Dkt. 133. It did not include any opinion from their expert, Mr. DeVries.

2. On Monday, January 27, 2025, Defendants notified Plaintiffs that they would file a *Daubert* motion directed to Dr. Hamm's opinions. The parties then filed an agreed proposed

1

schedule and page limits for briefing on the motions. Dkt. 135. The Court adopted the proposal on January 29, 2025. Dkt. 136.

3. The schedule did not include a *Daubert* motion from the Plaintiffs because, with Defendants having made no use of their expert in their motion for summary judgment, Plaintiffs at that time had no basis to challenge Defendants' expert. Defendants did not offer an opinion from Mr. DeVries until they filed their opposition to class certification and *Daubert* motion on March 3, 2025. Dkt. 138.

4. It would unfairly prejudice Plaintiffs if this Court rules on Defendants' *Daubert* motion to exclude the opinions of Plaintiffs' expert, Dr. Hamm, offered in support of class certification, without similarly hearing and determining Plaintiffs' *Daubert* motion to exclude the opinions of Defendants' expert.

5. Plaintiffs' *Daubert* motion to exclude Defendants' use of certain of Mr. Devries' opinions was not intended as some form of subterfuge to gain additional pages with respect to their class certification motion or otherwise. It was intended solely for the purpose stated in the motion—to exclude Defendants' specifically-cited opinions of Mr. Devries that Plaintiffs believe to be outside his qualifications and expertise, and based on improper methods.

6. When the parties submitted their briefing schedule to the Court, Plaintiffs already had filed their motion for class certification, including Plaintiffs' arguments referencing Dr. Hamm's opinions, so Defendants knew how Plaintiffs were using Dr. Hamm's opinions—Plaintiffs had placed their expert "cards on the table," so to speak. Defendants were then able to decide whether they wanted to challenge Dr. Hamm's opinions, and having made that decision, to include their *Daubert* motion in the proposed briefing schedule.

7. Plaintiffs did not have a similar opportunity to decide whether to file a *Daubert* motion directed to Mr. Devries' opinions because – at the time the briefing schedule was developed – Defendants had not yet made use of Mr. Devries' opinion. Defendants' expert cards were *not* yet on the table.

8. The events leading up to the January 28 scheduling order are important. The deadline for filing both class certification and dispositive motions was January 24, 2025. As this deadline approached, Plaintiffs filed a motion for additional pages and advised the Court that they would be filing three substantive motions – for class certification, for partial summary judgment for the individual plaintiffs and the putative class, and for summary judgment for the organizational plaintiffs seeking prospective relief. Dkt. 125. Defendants followed with their own motion for additional pages, stating they would be filing a motion for summary judgment. Dkt. 127. Defendants made no mention of filing a separate *Daubert* motion, either in their motion or informally to Plaintiffs (presumably because Plaintiffs' had not yet filed a motion referencing Dr. Hamm's opinions).

9. On January 23, 2025 the Court ordered a status hearing for the following day because the parties were, pursuant to the schedule then in place, intending to file simultaneous class certification and summary judgment motions. Dkt. 128. At the status hearing, the Court expressed a preference for Plaintiffs to consolidate their summary judgment motions, and for coordinating the cross motions for summary judgment. In the Minute Order the Court issued after the hearing, the Court allowed the filing of Defendants' motion for summary judgment and Plaintiffs' motion for class certification that day. Dkt. 129. The Court also ordered the parties to submit a joint status report on January 28, 2025, after the parties had each received the other party's initial filings, with a proposed briefing schedule and page limitations for the motions. *Id.*

3

10. On January 27, 2025, having by that time reviewed Plaintiffs' class certification brief that cited Dr. Hamm's materials in support, Defendants' counsel indicated to Plaintiffs that they intended to file a *Daubert* motion directed at Dr. Hamm. They proposed a new page limit for their opposition to class certification to add 15 additional pages to support the *Daubert* motion, and Plaintiffs' counsel agreed. On January 28, the parties submitted a proposal to the Court that for the first time included Defendants' planned *Daubert* motion. Dkt. 135. The proposed order did not reference a *Daubert* motion by Plaintiffs directed to Mr. Devries' opinions because Defendants had not yet made use of Mr. Devries. As noted, Defendants had not referenced Devries' opinions in their motion for summary judgment previously filed on January 24, 2025.

11. The Court approved the parties' proposed briefing schedule on January 29, 2025. Dkt. 136.

12. On March 3, 2025, Defendants filed their *Daubert* motion together with their opposition to Plaintiffs' motion for class certification. In this filing, they for the first time relied on an opinion from Mr. DeVries. Dkt. 138 at 8, 15. Thereafter, just as Defendants decided to file a *Daubert* motion directed at Dr. Hamm after seeing how Plaintiffs used those opinions, Plaintiffs, now having seen which of Mr. Devries' opinions Defendants were using and how, decided to challenge Defendants' use of Mr. Devries. Dkt. 138 at 8, 15.

13. Thus, Plaintiffs had no reason to file a *Daubert* motion directed to Mr. Devries' opinions until Defendants – long after the briefing schedule had been entered – first proffered Mr. Devries' opinions. At the time the briefing schedule was set, what Plaintiffs knew about Mr. DeVries was that he had disclosed two reports with a range of opinions on various topics, and Defendants had elected not to use any of these opinions in support of their already-filed motion for summary judgment.

4

14. Without knowing whether or how Defendants would use any of these opinions in any future filings, Plaintiffs' Counsel viewed any *Daubert* motion as premature and speculative. In hindsight, perhaps it might have been the better practice to put a placeholder in the briefing schedule, with corresponding additional pages, for a possible *Daubert* motion directed to Mr. DeVries, but that is not something Counsel anticipated a need for at the time since Defendants had not made use of Mr. Devries' opinions in their summary judgment motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court consider Plaintiffs' *Daubert* motion directed to Mr. Devries in considering the motion for class certification and Defendants' *Daubert* motion directed to Dr. Hamm.

Dated: April 16, 2025        By:      /s/ Daniel J. Schneider
                                             An Attorney for Plaintiffs

John Bouman
Lawrence Wood
Daniel Schneider
LEGAL ACTION CHICAGO
120 South LaSalle Street, 10th Floor
Chicago, IL 60603
(312) 341-1070
jbouman@legalactionchicago.org
lwood@legalactionchicago.org
dschneider@legalactionchicago.org

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
(312) 207-6400
broche@reedsmith.com

Charles R. Watkins
GUIN & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@guinevans.com

5

David J. Guin
GUIN & EVANS, LLC
P.O. Box 380723
Birmingham, AL 35238
205-527-1582
davidg@guinevans.com

**CERTIFICATE OF SERVICE**

    I, Daniel J. Schneider, an attorney, hereby certify that on April 16, 2025, I caused to be served the above and forgoing document by causing a true and accurate copy of the same to be served on counsel of record in the above-noted matter via email and the Court's electronic filing system.

                                                  /s/ Daniel J. Schneider