UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE KIDD and GOYCE RATES, et al., ) | | |
| ) | | |
| Plaintiffs, ) | Case No. 22 CV 7061 | |
| ) | | |
| v. ) | Judge Matthew F. Kennelly | |
| ) | | |
| MARIA PAPPAS, et al. ) | | |
| ) | | |
| Defendants ) | | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITIES**

Plaintiffs move for leave to submit supplemental authorities in support of their Motion for Partial Summary Judgment and in opposition to Defendants' Motion for Summary Judgment. In support of their motion, Plaintiffs state as follows:

1. On May 14, 2025, Plaintiffs filed their Reply Memorandum in Support of their Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, concluding the briefing on the cross motions.

2. Plaintiffs later learned about the recent decision in *Grady v. Wood Cnty.*, 2025 U.S. Dist. LEXIS 81157 (S.D. W. Va. April 29, 2025), and the even more recent decision in *Cavaluzzi v. Cnty. of Sullivan*, 2025 U.S. Dist. LEXIS 88307 (S.D.N.Y. May 8, 2025).

3. *Grady* granted the plaintiff's motion for summary judgment and denied the defendants' cross motion and is relevant authority with respect to the following contested legal questions at issue in the parties' cross-motions in this case:

    a. Do Plaintiffs have a protected property interest in their remaining equity after they lose their homes through the tax sale process?

1

   b. Did Defendants violate the Fifth Amendment's prohibition against takings without just compensation by selling Plaintiffs' tax debts to tax purchasers, who subsequently obtained tax deeds to the properties, with no compensation paid to the owners?

   c. Did Defendants' actions violate the Eighth Amendment's prohibition against the imposition of excessive fines?

   d. With respect to Plaintiffs' Fifth Amendment claim, were Defendants mandated by state law to collect Plaintiffs' delinquent taxes by selling Plaintiffs' debts to tax purchasers?

   e. With respect to Plaintiffs' Fifth and Eighth Amendment claims, is the fact that Defendants did not receive the remaining equity or take possession of Plaintiffs' properties relevant?

4. *Cavaluzzi* is relevant authority with respect to the following contested legal questions at issue in the parties' cross-motions:

   a. Does the Indemnity Fund provide Plaintiffs with an opportunity to receive just compensation within the meaning of the Fifth Amendment?

   b. Does the Indemnity Fund preclude Plaintiffs from pursuing their Fifth Amendment takings claim?

Date: June 17, 2025

Charles R. Watkins
GUIN & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301

By: /s/ Lawrence D. Wood

David J. Guin
GUIN & EVANS, LLC
P.O. Box 380723
Birmingham, AL 35238

(312) 878-8391
charlesw@guinevans.com

(205) 527-1582
david@guinevans.com

John Bouman
Lawrence Wood
Daniel Schneider
LEGAL ACTION CHICAGO
120 South LaSalle Street, 10th Floor
Chicago, IL 60603
(312) 341-1070
jbouman@legalactionchicago.org
lwood@legalactionchicago.org
dschneider@legalactionchicago.org

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive 40th Floor
Chicago, IL 60606
(312) 207-6490
broche@reedsmith.com

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this the 17th day of May, 2025, I caused the above and foregoing document to be served on counsel of record via the Court's ECF filing system.

/s/ *Charles R. Watkins*
OF COUNSEL

3