UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE KIDD and GOYCE RATES, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 22 CV 7061 |
| ) | |
| v. ) | Judge Matthew F. Kennelly |
| ) | |
| MARIA PAPPAS, et al. ) | |
| ) | |
| Defendants ) | |

## ORDER PROVIDING NOTICE TO THE CLASS UNDER RULE 23(c)(2)(B)

1. Plaintiffs have filed their Motion for Entry of Proposed Order Providing Notice to the Class, ECF 187, ("Motion"). Defendants do not oppose the Motion. As set forth more particularly below, the Court GRANTS the Motion.

2. This Court certified a class under Fed. R. Civ. P. 23(b)(3) in its Memorandum Opinion and Order of July 7, 2025 ("Class Cert. Order"), ECF 180, as follows:

> The class is defined as all persons or entities who meet the following criteria: (1) they owned or were the beneficial owners of residential real property in Cook County, Illinois in Residential Assessment Classes Major Class 2 and Class 3; (2) the properties were sold in the Cook County annual tax sale; (3) a tax deed was issued to the purchaser of such property at any time on or after December 15, 2020 and not withdrawn; and (4) the Cook County Assessor's Office's assessed Fair Cash Value as of the time of tax deed's issuance exceeded the total amount of taxes, fees, and interest owed at the end of the redemption period.

Class Cert. Order at 42. (the "Class").

3. As modified by Minute Order of July 12, 2025, ECF 183, the Class Cert. Order appointed Plaintiffs Kidd and Rates as Class representatives, and under Fed. R. Civ. P. 23(g), appointed Plaintiffs' counsel as Class counsel. *Id.* (naming Charles Watkins, David Guin, Brian Roche, John Bouman, Lawrence Wood and Daniel Schneider).

1

4. The means and process for providing class notice to potential Class members described in the Motion and herein is referred to as the "Notice Plan."

5. Defendants will promptly cause Plaintiffs and their retained Notice Administrator Strategic Claims Services ("SCS") to be provided with, or give them convenient access to, or facilitate their access to information within their possession, custody, or control regarding the last known tax payer name and mailing information as reflected on the Treasurer's billing statements with regard to the subject properties that has not been previously provided to Plaintiffs in discovery, in the form previously produced to Plaintiffs via spreadsheet. In the event any information collected by Plaintiffs in discovery is not readable or illegible, Defendants will cause Plaintiffs and SCS to be provided with or given convenient access to or facilitate their access to the information Plaintiffs previously accessed in discovery to obtain legible copies of potential Class member names and addresses.

6. Plaintiffs shall prepare or cause to be prepared a list of all Class members who can be identified through reasonable effort and shall begin formally implementing the Notice Plan no later than August 25, 2025, as specified in Plaintiffs' Motion. The list of all Class members shall be composed of those identified as potential class members through August 6, 2025.

7. The Court hereby approves and directs the retention by Class Counsel of Strategic Claims Services ("SCS") of Media, PA, as Notice Administrator to facilitate implementation of the Notice Plan as specified in Plaintiffs' Motion, inclusive of all mailed, published, online, and other notice described therein, along with incidental services such as the maintenance of a toll-free telephone number and email address related to providing notice and responding to inquiries about this matter.

8. The parties shall meet and confer through October 31, 2025 if either party identifies a tax deed that has been withdrawn or is in the process of being withdrawn with respect to any subject property, in order to determine whether the property owner falls within the Class definition and, if not, whether that individual should be removed form the list of Class members.

9. Class members will have until October 31, 2025, to provide notice of their intent to exclude themselves from the Class in accordance with the Notice Plan and pursuant to the procedures set forth in the Motion.

10. Plaintiffs shall file a report to the Court by November 7, 2025 on the results of the Notice Plan and any opt-outs.

11. The Court finds that the Notice Plan will provide to Class members the information required, in the manner required, by Fed. R. Civ. P. 23(c)(2)(B) and the due process clause of the U. S. Constitution and together constitute a fair and adequate process for Class members to become aware of the case and their rights and the means to exercise their rights.

SO ORDERED.

ENTERED:


_____

United States District Judge

Dated: August ____, 2025