## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE KIDD and GOYCE H. RATES, individually and on behalf of all others similarly situated; SOUTHWEST ORGANIZING PROJECT and PALENQUE LSNA, individually, | ) ) ) ) ) | Case No. 1:22-cv-7061 |
| | ) | |
| Plaintiffs, | ) | Hon. Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA PAPPAS, in her capacity as Treasurer of Cook County, Illinois, and Trustee of the Indemnity Fund, and COOK COUNTY, ILLINOIS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

This Status Report is submitted pursuant to the Court's December 8, 2025 Memorandum Opinion and Order ("Memorandum Opinion"; ECF No. 198) directing the parties to submit "a proposal for whatever further proceedings are needed to bring the case to a conclusion." *Id.* at 50.

### Appeal

1.      Defendants are evaluating their rights of appeal under the collateral order doctrine and/or 28 U.S.C. 1292(b) arising from the Memorandum Opinion relating to the Court's denial of Eleventh Amendment immunity and its corresponding finding of *Monell* liability, and to seek a stay of these proceedings pending such appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–45 (1993), *Allman v. Smith*, 765 F.3d 682 (7th Cir. 2014). Any notice of appeal, and related motions, would be filed no later than January 7, 2026.

1

**Trial**

2.      In light of the potential appeal and stay issues, defendants propose that the Court set a status hearing after January 7, 2026 to address the impact of such issues on the proposed trial on the *Monell* liability issue addressed in the Memorandum Opinion.

3.      If the matter or any portion thereof is not stayed and proceeds to trial on the *Monell* liability addressed in the Memorandum Opinion, then the parties propose that the Court's standing pre-trial order requirements be modified to exclude items 1 (Jurisdiction), 2 (Claims), and 3 (Relief Sought) and that the Court allow them to submit a trial memorandum of not more than 15 pages with the submission of the final pre-trial order. Given the other requirements in the pre-trial order regarding the timing of disclosures and submissions to the Court, the parties propose that the final pre-trial conference be set no earlier than April 1, 2025.

**Damages, Injunctive and Declaratory Relief**

4.      To the extent plaintiffs prevail at a trial on liability, plaintiffs propose that judgment on liability should be entered in favor of individual plaintiffs Rates and Kidd and the Class.

5.      The parties propose that at that time the Court set the matter over for further status on issues pertaining to the remedial phase, including setting a schedule for the potential entry of any further orders of the Court pursuant to Fed. R. Civ. P. 23.

6.      Plaintiffs may further request an additional order of Court pursuant to the Court's inherent equitable powers to advise Class members of the proceedings and ensure full relief to them.

7.      Plaintiffs propose that following trial, in the remedial phase, and again assuming they prevailed, the Court issue a declaratory judgment reflecting the rulings in the Memorandum Opinion that the defendants' procedures regarding tax sales violate the Fifth and Eighth Amendments to the Constitution, and a corresponding injunction requiring the defendants to pay or

ensure payment of just compensation to homeowners whose properties are taken to satisfy property taxes and whose property values exceed the associated property tax obligations. Plaintiffs will also request that the Court order defendants to produce a plan for how they will comply with that injunction, allow plaintiffs to respond to the plan with objections, if any, and then finalize the plan as a part of the injunction.

8.      Defendants request that before the Court consider entering any injunctive relief that the parties be given the opportunity to present evidence and briefing that is directed to the grounds on which plaintiffs claim that they are entitled to injunctive relief.

9.      If appropriate, plaintiffs will also seek an award of fees and litigation expenses pursuant to 28 U.S.C. § 1988 and/or the common fund doctrine, and under Local Rule 54.3(b) and Fed. R. Civ. P. 54(d), request the Court to order that any fee motion or petition be filed within ninety days of the entry of judgment.

Respectfully submitted,

Dated: December 12, 2025

By:  /s/ Brian D. Roche
An Attorney for Plaintiffs

John Bouman
Lawrence Wood
Daniel Schneider
LEGAL ACTION CHICAGO
120 South LaSalle Street, 10th Floor
Chicago, IL 60603
(312) 341-1070
jbouman@legalactionchicago.org
lwood@legalactionchicago.org
dschneider@legalactionchicago.org

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
(312) 207-6400

broche@reedsmith.com

Charles R. Watkins
GUIN & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@guinevans.com

David J. Guin
GUIN & EVANS, LLC
P.O. Box 380723
Birmingham, AL 35238
205-527-1582
davidg@guinevans.com


By: /s/ David Morrison
An Attorney for Defendants

EILEEN O'NEILL BURKE

Cook County State's Attorney
Kenneth S. Ulrich
David E. Morrison
Rachel C. Steiner
Kerry D. Nelson
Kyle W. Walther
Special Assistant State's Attorneys
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000
kenneth.ulrich@goldbergkohn.com
david.morrison@goldbergkohn.com
rachel.steiner@goldbergkohn.com
kerry.nelson@goldbergkohn.com
kyle.walther@goldbergkohn.com

-and-

Megan Honingford
Anthony O'Brien
Prathima Yeddanapudi
Michael Gilmartin
Michael Clarke
Karisa Flores

4

Assistant State's Attorneys
COOK COUNTY STATE'S
ATTORNEY'S OFFICE
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3116
megan.honingford@cookcountysao.org
anthony.obrien@cookcountysao.org
prathima.yeddanapudi@cookcountysao.org
michael.gilmartin@cookcountysao.org
michael.clarke@cookcountysao.org
karisa.flores@cookcountysao.org