1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL BELL, et al.,                    )   Case No. 22 C 7061
                                         )
                    Plaintiffs,          )
                                         )
            vs.                          )
                                         )
MARIA PAPPAS, et al.,                    )   Chicago, Illinois
                                         )   January 14, 2026
                    Defendants.          )   8:40 a.m.

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:      REED SMITH LLP
                        BY:  MR. BRIAN D. ROCHE
                        10 S. Wacker Drive, 40th Floor
                        Chicago, Illinois 60606


                        GUIN, STOKES & EVANS, LLC
                        BY:  MR. DAVID JONATHAN GUIN
                             MR. CHARLES ROBERT WATKINS
                        300 Richard Arrington Jr. Boulevard North
                        Suite 600
                        Birmingham, Alabama 35203



Court Reporter:         MS. CAROLYN R. COX, RPR, CRR, FCRR
                        Official Court Reporter
                        219 S. Dearborn Street, Suite 2102
                        Chicago, Illinois  60604
                        (312) 435-5639

                        *   *   *   *   *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

APPEARANCES (Cont'd):

                          LEGAL ACTION CHICAGO
                          BY:  MR. JOHN MARK BOUMAN
                               MR. LAWRENCE DAVIS WOOD
                               MR. DANIEL JOSHUA SCHNEIDER
                          120 S. LaSalle Street, Suite 900
                          Chicago, Illinois 60603


For the Defendant:        GOLDBERG KOHN LTD.
                          BY:  MR. DAVID E. MORRISON
                               MR. KENNETH STEVEN ULRICH
                          Mid-Continental Plaza
                          55 E. Monroe Street, Suite 3300
                          Chicago, Illinois 60603


                          COOK COUNTY STATE'S ATTORNEY'S OFFICE
                          BY:  MR. ANTHONY MICHAEL O'BRIEN
                          50 W. Washington Street, Room 500
                          Chicago, Illinois 60602

(Proceedings heard in open court:)

THE CLERK:  Case 22 C 7061, Bell v. Pappas.

THE COURT:  Good morning.  It's Judge Kennelly.  Can plaintiffs' counsel please give your name for the record.

MR. ROCHE:  Good morning, your Honor.  Brian Roche, and with me are John Bouman, Lawrence Wood, and Dan Schneider and Kate (unintelligible) in Chicago, and Charles Watkins and David Guin.

THE COURT:  All right.  Thanks.

Defense counsel.

MR. MORRISON:  Good morning, your Honor.  David Morrison and Ken Ulrich from Goldberg Kohn along with Anthony O'Brien from the Cook County state's attorney's office on behalf of defendant Cook County.

THE COURT:  Okay.  So how are we on the dates that I proposed?

MR. MORRISON:  Your Honor, this is David Morrison. The parties did meet yesterday.  Cook County has agreed to waive our right to a jury for the trial to determine the County's *Monell* liability this Court is scheduling pending the resolution of our motion under 1292(b).  And the parties have agreed to begin that on April 7th, Tuesday, April 7th.

THE COURT:  And I guess both sides have a right to a jury trial.  Are the plaintiffs waiving the right to a jury trial too on this particular claim?

MR. ROCHE: Yes, your Honor. The plaintiffs do waive our right to a jury trial and agree to the proposed trial start date of April 7.

THE COURT: Okay. It works for me. The minute order for today is going to say that both the plaintiff class and Cook County have waived their right to a jury trial on the *Monell* -- I want to make sure I say this right, Mr. Morrison. It's on the liability on the *Monell* claim, right?

MR. MORRISON: Correct.

THE COURT: Got it.

MR. MORRISON: For Cook County.

THE COURT: Is that what I said, Cook County? That's what I meant.

MR. MORRISON: Yes, just to clarify.

THE COURT: And the case is set for trial on the 7th of April. So as I told you, I'm not going to make you do the whole full-blown pretrial order. It's not necessary, particularly if it's a bench trial.

What I'm going to need -- the modified pretrial order is just going to be a list of exhibits and objections to exhibits and lists of witnesses and objections to those. Obviously, we don't need to do jury instructions because there's no jury, and I don't need anything else from you, trial briefs or anything like that. Just figure you're going to give openings and closings and if I need a post-trial brief, I'll

worry about that at the time.

What I'd like is the modified final pretrial order by let's say the 10th of March, which is four weeks before the date. And then I'm going to set the pretrial conference for -- you guys need to tell me if the date I'm going to give you here is a problem from a holiday standpoint. Remind me. Is the week of the 30th of March the week that Passover starts, and if so, when does it start?

MR. ROCHE: It starts on April 1st, your Honor, but for counsel that are going to be participating in the pretrial, that would not be an issue.

THE COURT: We'll work around it. The pretrial conference is going to be a week before the trial, so the 31st of March at 3:00 o'clock. I might tweak the time of that somewhat.

So the only other thing that I would need, and you should confer on this, would be motions in limine. Now, I mean, those tend to be less significant in bench trials, but not an unknown thing in bench trials. Of course, if there are going to be any motions in limine, I would say I'd need them by a week before the pretrial conference, which would be the 24th of March, and we can just argue them at the pretrial conference.

MR. ROCHE: Your Honor, this is Brian Roche for the plaintiff. Mr. Morrison and I have had some discussions about

trial and the scope of the trial, and as we understand it from your Honor's December 8th order -- and there may be some disagreement that will affect the witnesses parties call and documents about the relevance of certain evidence. Would it be helpful to the Court if we do a short pretrial memorandum? We had proposed this in our last status conference, but we didn't --

THE COURT: Let me cut this short.

MR. ROCHE: Yes.

THE COURT: It would be more helpful to you than it would to me, which means probably. So here's what I'd suggest. If we leave motions in limine and that kind of stuff to the last minute, then people are kind of wondering exactly what I think about the scope of the trial, and it's not going to be a good thing for anybody in terms of prep. So why don't you talk and see if you can come up with a mechanism, whether it's a joint memorandum or separate short memorandum, basically saying, this is what we think is at issue in the trial and why; here's what we don't think is an issue and why.

Figure out between the two sides a date that makes sense for you in terms of drafting it and have it on file well enough before the trial date, so that I'll have time to react to it and get you in and make a decision. Let's figure sometime in the next 30 days you'll get that on file.

Just to have a check date with you, I'm going to set

it for a status a little bit more than a month out from now. Maybe we'll just convert that to an in-person for a long discussion. Let's say a status on the 18th of February at 9:30, which is five weeks from today.

MR. ROCHE: And the document would be a joint filing, your Honor?

THE COURT: However you all think is best. I am agnostic on that. If you want to do something joint, that's fine with each side having their own section. If you want to do separate things, that's fine too. You figure it out on your own. I trust you to come up with a decent mechanism that works for both of you.

Okay. Anything else that you'd like to bring up?

MR. MORRISON: February 18 works for defendant, your Honor.

THE COURT: Great.

MR. ROCHE: That also works for the plaintiffs, your Honor.

THE COURT: Thanks a lot. Take care.

(Proceedings concluded at 8:44 a.m.)

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/ *Carolyn R. Cox*                    January 23, 2026
Carolyn R. Cox, RPR, F/CRR
Official Court Reporter