**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE KIDD and GOYCE H. RATES, individually and on behalf of all others similarly situated, and SOUTHWEST ORGANIZING PROJECT and PALENQUE LSNA, individually, | ) ) ) ) ) ) | Case No. 1:22-cv-7061 |
| Plaintiffs, | ) ) | Hon. Matthew F. Kennelly |
| v. | ) ) | |
| MARIA PAPPAS, in her capacity as Treasurer of Cook County, Illinois, and Trustee of the Indemnity Fund, and COOK COUNTY, ILLINOIS, | ) ) ) ) ) | |
| Defendants. | ) | |

**TRIAL STIPULATIONS**

The parties have entered into the following stipulations in advance of the April 7, 2026, trial:

1. All exhibits disclosed in the pre-trial order that are copies of print or electronic news media are true and correct copies of actual news stories published or broadcast by the media outlet indicated on the document.

2. Treasurer Pappas, Treasurer's office officials, County Officials, and Commissioners made the statements attributed to them in the following exhibits on or about the date borne by the following exhibits: PX25, PX52, PX59, PX61, PX62, PX81, PX82, PX84, PX88, and PX89. The exhibits may be admitted into evidence, subject to Defendants' FRE 402 and 403 objections.

3. PX 24 is excerpts from the October 14, 2024 report of William G. Hamm, Plaintiffs' expert. The exhibit is deemed admitted, subject to Defendant's preservation of the right to challenge whether the Assessor's fair cash value estimate for class members' properties that

1

were subject to a tax deed, as referenced in the exhibit, constitutes the proper measure for calculating just compensation in this case. PX 24 includes the cover page of the report, paragraphs 80-85, VI 1-44, and VII 1-4.

4. PX 26 contains all residential properties (Class 2-00 and Class 3-00) in Cook County that had a tax deed issued following an annual tax sale between December 10, 2018 and January 25, 2024. PX 26 was produced by the Clerk of Cook County in response to a subpoena requesting "Documents sufficient to Identify all residential real properties on which a tax deed was issued."

5. PX 27 supplements PX 26 with tax deeds of residential properties in Cook County (Class 2-00 and Class 3) issued from January 26, 2024 through Aug 22, 2024. PX 28 contains all tax deeds of the same classes issued after the cut-off date of PX 27 through August 6, 2025. PX 27 and PX 28 were produced by the Clerk of Cook County in response to a subpoena requesting "Documents sufficient to Identify all residential real properties on which a tax deed was issued."

6. PX 30, PX 31, PX 32, and PX 33 contain assessed value determinations made by the Cook County Assessor and the Board of Review effective on January 1 of tax years 2020, 2021, 2022, and 2023 with respect to the residential properties in Cook County for which a tax deed was issued according to PX 26 between 2020 and 2023. PX 33 contains the Assessor's assessed values for 2023, but only 2022 values from the Board of Review. The exhibits were produced by the Cook County Assessor's Office in response to a subpoena issued by Plaintiffs to the Assessor's Office.

7. Exhibits PX 30, PX 31, PX 32, and PX 33 contain the Board of Review and Assessor's assessed value estimates that were recorded and regularly maintained by the Cook County Assessor. The public may obtain a property's final value estimate for the most recent tax

year online at the Assessor's website and the Cook County Property Tax Portal. On both websites, obtaining value estimates requires searching each property individually. Because property taxes are determined and billed in arrears, the most recent tax year for which final values are available is the year before the current calendar year.

8. PX 83 is admissible under FRE 1006 as a chart and summary offered to prove the content of voluminous government records that cannot be conveniently examined in court.

9. The stated goals of the Black and Latino Homes Matter outreach program included preventing residents from losing their home due to unpaid property taxes.

10. At no point since June 2009 has the Indemnity Fund maintained for Cook County held sufficient funds to pay out all claims due and owing at any given time.

11. Property owners may assign to a third party their claim to an award from the Indemnity Fund.

12. In 2011, Plaintiff Kidd purchased her property in Maywood for the full purchase price of $38,000.

13. Plaintiff Kidd lost this property to a tax deed on two separate occasions.

14. The first time, approximately ten years ago and outside the class period, when Plaintiff Kidd did not redeem the taxes, a tax buyer filed a petition for a tax deed on November 14, 2014, and obtained a court order issuing the tax deed in May 2015. Plaintiff Kidd's tax debt on the property at the tax sale in September 2012 was $3,851.17, which the tax buyer paid in addition to subsequent taxes, interest and fees. After the tax buyer told Plaintiff Kidd and her husband how they could keep their property and stay in their home, an attorney procured by the tax buyer filed on Plaintiff Kidd's behalf an Indemnity Fund petition seeking compensation for the loss of her property.

15. On October 12, 2017, the court entered an agreed judgment order on Plaintiff Kidd's Indemnity Fund petition, awarding the agreed and compromised fair cash value of $52,673.53 as of September 18, 2015, to be assigned to the tax buyer's assignee, Frontline Properties, LLC.

16. In exchange for assigning the settlement amount to Frontline Properties, LLC, Plaintiff Kidd was permitted to remain in her home and own the property free and clear of all liens. Cook County had no role in facilitating or arranging this exchange.

17. The second time Plaintiff Kidd lost her Maywood home to a tax buyer was in 2021. Plaintiff Kidd has not filed a petition for compensation from the Indemnity Fund.

18. The tax buyer, High Five Group, obtained a tax deed and subsequently was awarded ownership and the right to possession of Plaintiff Kidd's home.

19. Plaintiff Kidd and her family then vacated the property before the Sheriff enforced the judgment for possession.

20. Plaintiff Kidd has not received any compensation for the loss of her property.

Plaintiffs stipulate to the facts in paragraphs 11-16 while also preserving all arguments that they are not relevant to the issues in the upcoming April 7, 2026 trial.

Respectfully submitted,

Dated: April 3, 2026

By: /s/ Brian D. Roche
An Attorney for Plaintiffs

John Bouman
Lawrence Wood
Daniel Schneider
LEGAL ACTION CHICAGO
200 N. LaSalle Street, Suite 1540
Chicago, IL 60601
(312) 341-1070

jbouman@legalactionchicago.org
lwood@legalactionchicago.org
dschneider@legalactionchicago.org

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
(312) 207-6400
broche@reedsmith.com

Charles R. Watkins
GUIN & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@guinevans.com

David J. Guin
GUIN & EVANS, LLC
P.O. Box 380723
Birmingham, AL 35238
205-527-1582
davidg@guinevans.com



EILEEN O'NEILL BURKE

Cook County State's Attorney

By    /s/ *David E. Morrison*
Special Assistant State's Attorney
Kenneth S. Ulrich David E. Morrison Rachel C. Steiner
Kerry D. Nelson Kyle W. Walther
Special Assistant State's Attorneys GOLDBERG KOHN LTD.
55 East Monroe Street Suite 3300
Chicago, Illinois 60603
(312) 201-4000
kenneth.ulrich@goldbergkohn.com
david.morrison@goldbergkohn.com
rachel.steiner@goldbergkohn.com

5

kerry.nelson@goldbergkohn.com
kyle.walther@goldbergkohn.com
-and-
Megan Honingford Anthony O'Brien Prathima
Yeddanapudi Assistant State's Attorneys
COOK COUNTY STATE'S ATTORNEY'S OFFICE
500 Richard J. Daley Center Chicago, Illinois 60602
(312) 603-3116
megan.honingford@cookcountysao.org
anthony.obrien@cookcountysao.org
prathima.yeddanapudi@cookcountysao.org