**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE KIDD and GOYCE RATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 22 CV 7061 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| MARIA PAPPAS, et al. | ) | |
| | ) | |
| Defendants | ) | |

**JOINT STATUS REPORT**

Plaintiffs and Defendant Cook County (the "County") have met and conferred about a damages trial in this case. The parties agree that the damages trial (the "Damages Trial") can be conducted in three days. They propose the trial occur on November 9-11, 2026 (the County's expert witness is not available on November 11, so if a third trial day is needed for entering evidence in the record as opposed to conducting closing arguments, then the County is available on Friday, November 13 instead of November 11) and that they follow the same pre-trial disclosure and pre-trial order process used with the bench trial of April 7 to April 9, 2026. See ECF No. 222. The parties' goal is that following the Court's entry of an order on damages (the "Damages Order"), an immediate appeal of all appealable issues arising in this case up through the entry of the Damages Order will be possible.

What follows is each party's perspective on the scope of the Damages Trial.

**Plaintiffs' Position**

Plaintiffs contend that the most efficient path to concluding this case is a damages trial that addresses the appropriate method for determining class-wide damages. Accordingly, the Damages Trial should not, and indeed if that is the desired end result cannot, be limited to determining the individualized damages of the named Plaintiffs as the County proposes.

Plaintiffs would establish at trial that in the circumstances of *this case*, where there was no "fairly conducted tax sale", the traditional fair market value benchmark is and can be used as an appropriate, "just" measure of the compensation owed to the Plaintiffs and the Class. The Damages Trial would address the role of the Assessor's Fair Cash Values in estimating the fair market value of class members' properties.

Plaintiffs will present evidence showing the reasonableness of using the Assessor's Fair Cash Values calculations, with any reasonable adjustments that the evidence may support, as an element of a reliable class-wide method for determining just compensation for the Class's confiscated equity. Plaintiffs will address the sophisticated methodology that is employed and continually updated by the Assessor, establish that determining the value of tax confiscated properties long after the fact is a challenging task, and that utilizing retrospective appraisals does not necessarily improve on the Assessor's adjusted Fair Cash Values. Plaintiffs will address why, all things considered, using adjusted Fair Cash Values, imperfect as they may be, is an appropriate and indeed the best way to determine the actual value of the confiscated properties at issue in this case, thus obviating the need for time-consuming individualized proceedings. Plaintiffs will address the issues set forth in the Opinion of August 21, 2026, that led the Court to conclude it would be inappropriate to adopt Plaintiffs' methodology as a matter of law without a trial. ECF No. 256, at 30.

Plaintiffs believe that a trial with this scope would lead to entry of a final judgment that includes a damages methodology for the Class as a whole, reducing the risk of piecemeal appeals that could arise if the judgment included a damages award for only the named Plaintiffs. Plaintiffs' proposal also eliminates the potential for any issue arising about the adequacy of the class representatives under Rule 23(a)(4) if their damages, and not a methodology for the Class

they represent, are all that are finally determined at this trial.[1]

**Cook County's Position**

The County proposes that to expedite and economize the issues in this case, the Court conduct a separate trial to determine the individualized damages of both named plaintiffs Michelle Kidd and Goyce Rates (together, the "Class Representatives"). The Court has declined to adopt Plaintiffs' proposed class-wide formula—fair market value less taxes owed—finding that the County's objections to that methodology were "fair points" that "illustrate the inappropriateness of imposing plaintiffs' formula as, in effect, a matter of law." ECF No. 256 at 30. The Court has concluded that a trial is the appropriate course to develop the record on property-specific issues, including "the discount associated with a forced or distressed sale." *Id*. The trial, therefore, should be focused on determining the appropriate measure of the Class Representatives' individual just-compensation damages claims so the issues before this Court may be immediately appealable. The County anticipates that a Damages Trial should resolve: (i) the appropriate measure of the Class Representatives' just compensation, if any, against the County, including relevant considerations; (ii) whether assessed value alone is reliable or appropriate as a measure of just compensation; and (iii) the role of retrospective appraisals in formulating just compensation. The County intends to seek an immediate appeal of all issues through entry of the Damages Order to bring clarity to the legal issues on which the Court has ruled.

Date: August 28, 2026

Respectfully submitted,

By: Lawrence D. Wood

[1] Defendants' previous offer to agree that an order determining the named Plaintiffs' damages would be "without prejudice to their ongoing status as class representatives" (ECF No. 232 at 8) does not necessarily immunize the Plaintiffs' adequacy from a potential challenge.

COUNSEL FOR PLAINTIFFS

Charles R. Watkins
GUIN & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@guinevans.com

John Bouman
Lawrence Wood
Daniel Schneider
Leah Levinger
LEGAL ACTION CHICAGO
120 South LaSalle Street, 10th Floor
Chicago, IL 60603
(312) 341-1070
jbouman@legalactionchicago.org
lwood@legalactionchicago.org
dschneider@legalactionchicago.org

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive 40th Floor
Chicago, IL 60606
Chicago, IL 60606
(312) 207-6490
broche@reedsmith.com

*Counsel for Plaintiffs and the Class*

Respectfully submitted,

EILEEN O'NEILL BURKE
Cook County State's Attorney

By
Special Assistant State's Attorney

Kenneth S. Ulrich
David E. Morrison
Kerry D. Nelson
Kyle W. Walther
Jonathan A. Dussik
Special Assistant State's Attorneys
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000
kenneth.ulrich@goldbergkohn.com
david.morrison@goldbergkohn.com
kerry.nelson@goldbergkohn.com
kyle.walther@goldbergkohn.com
jonathan.dussik@goldbergkohn.com

-and-

Megan Honingford
Anthony O'Brien
Prathima Yeddanapudi
Assistant State's Attorneys
COOK COUNTY STATE'S
ATTORNEY'S OFFICE
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3116
megan.honingford@cookcountysao.org
anthony.obrien@cookcountysao.org
prathima.yeddanapudi@cookcountysao.org

*Counsel for Defendant Cook County*